UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID JOHNSON BARZE                           CIVIL ACTION

VERSUS                                        NUMBER: 09-2907

DANIEL EDWARDS, ET AL.                        SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

The above-captioned matter is once again before the Court pursuant to an order of remand from the District Judge. (Rec. doc. 20).

The Court previously issued a Report and Recommendation recommending that plaintiff's lawsuit be dismissed for failure to prosecute under Rule 41(b), Fed.R.Civ.P., based on his failure to provide the Court with a current mailing address and his failure to file a response to defendants' motion to dismiss as was ordered by the Court. (Rec. doc. 14). By the time that he filed his objections to the Report and Recommendation, plaintiff was once again incarcerated at the Tangipahoa Parish Jail ("TPJ") having previously been released on July 29, 2009. (Rec. doc. 18, p. 3).

In remanding the case back to the undersigned, the District Judge specifically cautioned plaintiff that "... any continued violation of this Court's orders may result in a dismissal of his claim and such disregard will not be tolerated." (Rec. doc. 20, p. 2). Subsequent to the remand, the Court issued an order giving the defendants the option of supplementing their previous motion to dismiss and again directing plaintiff to file a response to the motion to dismiss on or before April 9, 2010. (Rec. doc. 21). A copy of that order was mailed to plaintiff at TPJ and has not been returned as undeliverable. As of today's date, however, no response to defendants' motion to dismiss has been forthcoming from plaintiff despite the issuance of the two orders directing him to do so.

As was previously noted in the Court's Report and Recommendation, an action may be dismissed pursuant to Rule 41(b) based on the failure of the plaintiff to prosecute his case or to comply with a court order, Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978), including an order directing plaintiff to file a response to a defendant's dispositive motion. Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S.Ct. 195 (1997).

Plaintiff has now disregarded the second of two orders directing him to file a response to defendants' motion to dismiss

2

despite the strong cautionary language from the District Judge. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone. Accordingly, it will once again be recommended that plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  23rd  day of      April      , 2010.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE